# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| U.S. BANK, N.A., as Trustee, <br>    Plaintiff, <br><br> v. <br><br> YANELL ROCHA and <br> GRACIELA ROCHA PENA, <br>    Defendants. | § § § § § § § § | EP-18-CV-1-PRM |

## ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

On this day, the Court considered Defendants Yanell Rocha and Graciela Rocha Pena's [hereinafter "Defendants"] "Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (ECF No. 11) [hereinafter "Motion"], filed on April 10, 2018, and Plaintiff U.S. Bank, N.A. as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1's [hereinafter "Plaintiff" or "U.S. Bank"] "Response in Opposition to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (ECF No. 14) [hereinafter "Response"], filed April 24, 2018, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendants' Motion should be denied for the reasons that follow.

## I. BACKGROUND

This action concerns a loan agreement secured by real property located at 7903 San Paulo Drive, El Paso, Texas 79915 [hereinafter "Property"]. A recounting of the complex history of the loan agreement and Property ownership is unnecessary at this stage. Relevant to this Motion, Plaintiff U.S. Bank is the current owner of both a home equity and mortgage note, as well as the beneficiary of a Deed of Trust for the Property. Compl. 2. Defendant Yanell Rocha is currently the only individual with an ownership interest in the Property. *Id.* Defendant Graciela Rocha Pena remains an obligor on the Deed of Trust, but does not maintain an ownership interest in the Property. *Id.*

In early 2014, Defendant Yanell Rocha failed to make a final payment on the loan. *Id.* at 5. Accordingly, in 2015, U.S. Bank sent a Notice of Default and then, shortly thereafter, a Notice of Acceleration of Loan Maturity, which demanded payment in full of the loan balance. *Id.* After giving Defendants time to comply, U.S. Bank applied for an order of foreclosure against the Property in state court in January 2016. *Id.* When that application was dismissed without prejudice, Defendants filed a lawsuit against U.S. Bank in September 2016 in state court. *Id.* That lawsuit was removed to federal court and ultimately dismissed

2

with prejudice in August 2017. *Id.* On January 1, 2018, Plaintiff initiated a second lawsuit by filing its Original Complaint (ECF No. 1) [hereinafter "Complaint"] stating causes of action for judicial foreclosure and breach of contract.

After initially failing to respond timely to the summons they had received, Defendants eventually filed an answer six weeks after their deadline to do so. *See* Answer, Apr. 9, 2018, ECF No. 10. At that point, Plaintiff had already filed a motion for default judgment. *See* Mot. Default J., Mar. 21, 2018, ECF No. 8. One day after filing their answer, Defendants jointly filed the instant Motion claiming that the Court lacks subject matter jurisdiction to hear this case. While it is not entirely clear from the Motion, Defendants appear to claim that the diversity jurisdiction requirements are not satisfied. Specifically, they claim that the amount in controversy is only $33,600 (the original principal balance of the note), and that complete diversity does not exist between the parties. Accordingly, the Court will assess whether it retains diversity jurisdiction such that it has authority to hear the case.

## II. ANALYSIS

### A. Amount in Controversy

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000[.]" "When a Plaintiff is seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy." *Christiana Tr. v. Henderson*, 181 F. Supp. 3d 375, 377–78 (S.D. Tex. 2016). "Interest is included in the amount in controversy when the interest is accrued pursuant to a contract and prior to maturity." *Id.* at 378 (citing *Danial v. Daniels*, 162 Fed. Appx. 288, 290 (5th Cir. 2006)). Here, Plaintiff alleges that the principal owed plus interest accrued pursuant to the parties' contractual agreement is $51,619.31. Mot. 3. This obviously falls below the federal jurisdictional threshold.

However, in addition to the loan balance, attorney's fees are "included in the amount in controversy when fees are allowed under a contract or statute." *Christina Trust*, 181 F.Supp 3d. at 378 (citing *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)). Here, Plaintiff attached a signed copy of the mortgage agreement to its Response. The

4

agreement entitles the lender to "collect all expenses incurred in pursuing the remedies provided in this [document] . . . including, but not limited to, court costs [and] reasonable attorneys' fees[.]" Mot. Ex. B at 5. Thus, any anticipated attorney's fees should be added onto the loan balance for purposes of calculating the amount in controversy.

Plaintiff attached a Declaration to its Response made by its attorney, Gordon Green, who states that he anticipates that attorney's fees in this case will exceed $25,000. Based on the Court's review of the affidavit and Defendants' failure to meaningfully contest the statements within the affidavit, the Court finds Attorney Green's statements to be credible. When the anticipated $25,000 in attorney's fees is added to the outstanding loan balance, the sum ($51,619.31 + $25,000) exceeds $75,000. Thus, based on the Complaint and Plaintiff's anticipated attorney's fees in this case, the amount-in-controversy requirement is satisfied.

B. Complete Diversity

"28 U.S.C. § 1332(a) requires complete diversity of citizenship; that is, a district court cannot exercise subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant." *Dupuis v. LRC Energy, LLC*, Civil Action No. 6:15-CV-02377, 2015 WL 8542871 at *2

5

(W.D. Tex. Dec. 9, 2015). "The citizenship of a natural person is determined by the state in which she is domiciled, and domicile is a combination of both a person's residence and her intent to remain there permanently." *Dupuis*, 2015 WL 8542871 at 2. However, a national banking association, such as Plaintiff U.S. Bank, "shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is "located" in, and thus a citizen of, "the State designated in its articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). A national bank is not "located" in, and is therefore not a citizen of, every state in which it has a branch. *Id.* at 313.

Defendants do not dispute that they are both citizens of the State of Texas for diversity purposes. Defendants also do not contest that Plaintiff U.S. Bank's main office, as designated in its Articles of Association, is located in Ohio. *See* U.S. Bank National Association, Statement of Eligibility Under the Trust Indenture Act of 1939 of a Corporation Designated to Act as a Trustee, Ex. 1 (Form T-1) (Feb. 26, 2002); *see also Pettit v. U.S. Bank N.A*, 2017 WL 2964883, *2 (N.D. Tex. 2017) (finding that U.S. Bank, N.A. is a citizen of Ohio for diversity

6

purposes). Because none of the Defendants share citizenship with the Plaintiff, complete diversity is satisfied. Thus, the Court retains diversity jurisdiction over this cause.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' Yanell Rocha and Graciela Rocha Peña's "Motion to Dismiss for Lack of Subject-Matter Jurisdiction" (ECF No. 11) is **DENIED**.

**SIGNED** this 10 day of **June, 2018.**

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE